## Case No. 4,205.

### The DUTCHESS.

[6 Ben. 48.] [1]

District Court, S. D. New York. April, 1872.

Beebe, Donohue & Cooke, for libellant.
C. P. Hoffman, for claimant.

BLATCHFORD, District Judge. The sloop Exertion, owned by the libellant, while at anchor on the night of November 22d, 1870, off the foot of Hammond street, New York, laden with a cargo of brick, was sunk. The libel alleges that the sloop, while so lying at anchor, was run into and against by the schooner Dutchess, in consequence of the Dutchess' being insecurely and improperly anchored, and no proper attention being paid to her, and seeks to recover the damages resulting from such collision, on the ground that it caused injuries to the sloop, by reason of which she sank.

The answer denies that the Dutchess was improperly or insecurely anchored and that no proper attention was paid to her. It alleges, that the sloop sank through injuries occasioned by the negligence of her own crew, and not from any collision between her and the schooner; that the schooner was properly and securely anchored and manned, and managed with due care and proper skill; that she dragged her anchors through the resistless force of the elements, without any fault on the part of those on board of her; that human skill and precaution could not

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

have prevented her drifting; and that any injury that was done to the sloop by the schooner, if any was done, which is denied, was the result of inevitable accident only.

I deem it satisfactorily established by the proofs, that the schooner, while she was dragging her anchors, came into collision with the sloop, and inflicted the injury in consequence of which the sloop sank. The answer does not set up that the sloop was anchored in an improper place, or in proximity to the Dutchess too close for safety, nor is either of such facts established by the evidence. Nor does the answer set up that any negligence on the part of the sloop caused the collision, if there was one. It merely sets up that there was no collision, but that the sloop sank from some injuries attributable to the negligence of her crew, and caused otherwise than by a collision between her and the schooner, and that, if there was a collision, it was the result of inevitable accident. The manner of the collision, and the character of the wound, as described by the witnesses from the sloop, and as established by the evidence, were such as to furnish adequate cause for the sinking of the sloop; and the evidence for the defence gives no reasonable explanation of how the sloop could have sunk or did sink from any other cause than a collision between her and the schooner. There having been, then, a collision sufficient to cause the damage done, the only defence set up is inevitable accident. The sloop being at anchor, and being run into by the moving schooner, the burden of proof is on the schooner to establish this defence of inevitable accident. The sloop anchored in the day time, her position was visible and known to those on the schooner, and they gave her no warning, that they deemed her to be anchored too near to them. The collision was caused by the dragging of the anchors of the schooner, and it is for her to make it clear that such dragging could not have been prevented by proper care and vigilance. She has failed to show that she maintained a proper watch on deck, that she discovered her dragging as soon as it commenced, and applied proper remedies as soon as possible, and that her dragging was not the fault either of the condition of her jib, or of the arrangement of her anchors and chains, or of the management of the vessel after the dragging was discovered. The allegation in the answer, that the sloop sank through injuries occasioned by the negligence of her own crew, even if it could be considered as an allegation of negligence contributing to a collision, is too vague and general to be a triable allegation. But the proof shows no negligence on the part of the sloop.

There must be a decree for the libellant, with costs, with a reference to a commissioner to ascertain the damages.